**In re Tanner**

*Edward Rudolph,* for condemnor.
*G. Michael Carr,* for condemnees.

GILMAN, *J.,* March 23, 2010—In this eminent domain action the condemnees, James C. and Lette J. Tanner have appealed this court's order of December 30, 2009[1] which denied the Tanners' petition for reimbursement of fees and costs.

It is important to understand the history between these parties which brings us to this appeal. The Tanners are the owners, in fee, of a parcel of land in Northampton Township identified as Bucks County tax parcel 31-1-15 (the land). On August 22, 2000, the Northampton Township Municipal Authority (the Municipal Authority) purchased a 5.91 acre parcel of the Tanners' overall 49.674 acres of land which was and continues to be operated as a retail nursery. There was an agreement of sale and the parcel was purchased for $1,260,000. The agreement of sale contained an acknowledgment that part of the purchase price was in consideration for the Tanners' future permitted uses of the remaining parcel of approximately 44 acres. On February 20, 2001, the parties also entered into a declaration of restrictions and cove-

---

1. The order which is the subject of this appeal was entered by the Honorable John J. Rufe, now Senior Judge on the Bucks County Court of Common Pleas bench. The record has been reviewed and this opinion authored by the undersigned.

nants (restrictive covenant) for the land detailing the future uses permitted as well as the Municipal Authority's intention to construct and operate a sanitary sewer pump station.

On March 3, 2008, the Municipal Authority filed a declaration of taking whereby the Municipal Authority condemned, in fee simple, a 1.37 acre portion of the Tanners' property necessary for the construction and operation of a sanitary sewer pump station. The declaration of taking stated: "[t]he purpose of the condemnation herein is to provide lands upon which a sanitary sewer pumping station and other ancillary facilities will be installed or constructed and operated for the purpose of supplying of sanitary sewer to the public and in furtherance of the purposes of the Authority and is under and subject to a variable width permanent access and egress easement to be granted and retained by the condemnees to gain access to and from portions of their property."

On July 23, 2008, the Tanners filed preliminary objections to the taking.

The Pennsylvania Eminent Domain Code 26 Pa.C.S. §306(a)(3); limits the circumstances pursuant to which preliminary objections may be filed:

*"(a) Filing and exclusive method of challenging certain matters.—*

"(3) Preliminary objections shall be limited to and shall be the exclusive method of challenging:

"(i) The power or right of the condemnor to appropriate the condemned property unless it has been previously adjudicated.

"(ii) The sufficiency of the security.

"(iii) The declaration of taking.

"(iv) Any other procedure followed by the condemnor."

At the outset, the parties disputed whether the preliminary objections raised by the Tanners were within the parameters of this section. Contending the objections did not fall within any of the categories, the Municipal Authority asserted that the power to condemn is clearly vested pursuant to the Municipality Authorities Act at 53 Pa.C.S. §5607(d), which states as follows:

"(d) Powers.—Every authority may exercise all powers necessary or convenient for the carrying out of the purposes set forth in this section, including, but without limiting the generality of the foregoing, the following rights and powers . . . .

"(4) To acquire, purchase, hold, lease as lessee and use any franchise, property, real, personal or mixed, tangible or intangible, or any interest therein necessary or desirable for carrying out the purposes of the Authority, and to see, lease as lessor, transfer and dispose of any property or interest therein at any time acquired by it."

The Municipal Authority argues the instant taking is proper under any of several theories, including: (1) the taking is for a public purpose (sanitary sewer system for people of the county), which is exactly the power for which eminent domain is designed, (2) even if the restrictive covenant applied, only the Municipal Authority has the authority to enforce any of the restrictions based on

the language contained therein, (3) an entity with eminent domain power cannot by contract or agreement give that away, therefore the restrictive covenant could not have addressed or controlled that issue, and (4) the restrictive covenant does not state that there shall not be a future exercise of eminent domain on the land.

In contrast, although not specifically demarcated as such, we presume the Tanners' assertion that the existing restrictive covenant would prohibit the taking was an attempt to bring the objections with subsection (i) of section 306(a)(3). A review of the instant restrictive covenant reflects no limitation on any future powers of eminent domain. Furthermore, this argument fails since pursuant to well-established Pennsylvania law, "[t]he power of eminent domain is inalienable and cannot be surrendered, even by legislation, to say nothing of the power of other governmental agencies to impair or bargain it away. . . . [N]o legislature can bind itself or its successors not to exercise this power when public necessity and convenience require it." *In re Condemnation of 110 Washington Street, Borough of Conshohocken, Pennsylvania, by the Redevelopment Authority of the County of Montgomery, for Urban Renewal Purposes,* 767 A.2d 1154, 1159-60 (Pa. Commw. 2001). (citations omitted)

The Tanners' preliminary objections also assert the taking was not for a public purpose, and that there was no provision in the restrictive covenant for development of the condemned property as a sanitary sewer pumping station, including the ancillary facilities. The Tanners' assertion that a sanitary sewer pumping station is not a public purpose defies logic, and is an argument without

merit. Additionally, we note while this instant taking referred to an additional 1.37 acres not previously addressed in the dealings between these parties, the restrictive covenant at paragraph 2 states:

"The rights conveyed to the Authority by this declaration are intended to provide protection to the Authority related to its proposed construction and operation of a certain sanitary sewer pump station facility on a property adjacent to the land and various sanitary sewer and public water lines anticipated to be installed on the land. The declaration does not create ownership rights in the Authority, and the grantors will hold the Authority harmless, and will indemnify the Authority against all claims of property damage or personal injury which are asserted against the Authority by any person or entity by reason of the existence of this declaration."

Based upon the laws of this Commonwealth as applied to the facts of the present case, the preliminary objections filed by the Tanners were denied by Judge Rufe on October 8, 2008.

Notwithstanding the above discussion, and unrelated to proceedings before this court, on November 7, 2008, the Municipal Authority withdrew the condemnation by filing a declaration of relinquishment pursuant to 26 Pa.C.S. §308(a). Thereafter, the Tanners filed a petition on November 20, 2008 requesting a rule to show cause why they should not be reimbursed for their costs and expenses incurred in relation to the previously anticipated taking. That issue was praeciped before this court on October 29, 2009. The court denied the Tanners' pe-

tition by order dated December 30, 2009. It is that order which has been appealed and which is addressed herein.

In support of the petition for reimbursement, the Tanners, as condemnees, relied on the Eminent Domain Code, 26 Pa.C.S. §308(d):

"(d) Costs and expenses:—Where condemned property is relinquished, the condemnee shall be reimbursed by the condemnor for reasonable costs and expenses as provided in section 306(g) (relating to preliminary objections).

26 Pa.C.S. §306(g):

"Costs and expenses:—(1) If preliminary objections which have the effect of terminating the condemnation are sustained, the condemnor shall reimburse the condemnee for reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred because of the condemnation proceedings.

"(2) The court shall assess costs and expenses under this subsection."

In their effort to support their petition for reimbursement, the Tanners disregard the fact that the statutory language relates to preliminary objections that have been sustained. Instead, their argument unjustifiably leaps straight to the language of condemnations which have been terminated. The element of sustained preliminary objections, which is essential and which is applicable here, is ignored by the Tanners.

The Tanners refer to this statutory language as nondiscretionary and as imposing a mandatory duty upon

the Municipal Authority for reimbursement of costs to condemnees where the condemnation has been terminated. However, this is not the legal standard by which reimbursement of costs is determined. The relinquishment and resulting termination of this condemnation was not the result of sustained preliminary objections, so there is no authority for this court to impose such a requirement on the Municipal Authority.

Based on our review and the discussion above, we provide this opinion in support of the decision rendered by the Honorable John J. Rufe on December 30, 2009, and we recommend that Judge Rufe's order be affirmed.